Follett, J.
The security clause quoted from the lease: created a valid lien upon the hay in the nature of the lien created by a chattel mortgage, but this clause containing no words of sale, like a true chattel mortgage, did not transfer upon the execution of the lease or upon the default in the payment of the rent, the title to the hay which the plaintiffs could not acquire under this clause except hy seizing the property, or by foreclosing the hen. McCaffrey v. Woodin, 65 N. Y., 459.
A chattel mortgage is an instrument by which the title to personal chattels is transferred to a mortgagee as security for the payment of a debt, or for th e performance of an obligation, with a condition that upon payment or performance the title shah re-vest in the mortgagor; but if the debt is not paid, or the obhgation is not performed, the title becomes absolute in law in the mortgagee, though redeemable in equity. Jones Chat. Mort., § 1; Thomas on Mort., 427;. Overton on Liens, § 481; Nichols v. Mead, 2 Lans, 222, 225; Butler v. Miller, 1 N. Y., 496, 500.
A personal mortgage is more than a mere security. It is a sale of the thing mortgaged and operates as a transfer of the whole legal title to the mortgagee, subject only to he defeated by the full performance of the condition.” Butler *335 v. Miller (supra). So generally do chattel mortgages contain words of sale transferring to the mortgagee the title to the chattels, that many of the cases holding or saying that the legal title is in the mortgagee, do not call attention to this important feature; and many cases arising over instruments in the nature of chattel mortgages, but not containing words of sale call the instruments chattel mortgages without calling attention to the omission of such words, and proceed to hold, correctly, that the so-called mortgagee acquires no title until after possession is taken, or until after the instrument is foreclosed. By failing to observe the distinction between true chattel mortgages and instruments in the nature of chattel mortgages, the question as to when the mortgagor parts with, and the mortgagee acquires the legal title, has been somewhat confused by some of the cases and text writers.
The lessee was not authorized by the plaintiffs to make this sale, nor did the lessee assume to act as the plaintiffs’ agent in selling, and the plaintiffs not being the owners of the property, or the assignees of the agreed purchase price or cause of action this action cannot be maintained to recover the agreed purchase price of the hay.
The judgment of the county court is affirmed with costs.
Hardin, P. J., and Boabdman, J., concur.